BREAUX, C. J.
This was an application for a writ of habeas corpus by the father for the liberty of his daughter, as he asserts.
The daughter — Bertha—of Alfred Melan-con, relator, and of Arthemise, his wife, was committed to the Colored Industrial Home for an indefinite term by Hon. Andrew H. Wilson, judge of the juvenile court.
She is 15 years of age.
The mother, Arthemise, on the 7th of July of this year signed an affidavit against her daughter, in which she averred that she was ungovernable and uncontrollable.
She was brought to the juvenile court by the mother and two officers.
The relator avers that Arthemise, the mother, acted in the matter without his knowledge and consent, and that in consequence his daughter is illegally imprisoned and deprived of her liberty.
After relator’s petition had been filed, the judge of the juvenile court filed an appearance, in which he averred; That the child *1051 appeared, when before him, as one who had been neglected and exposed to injurious conditions.
That he took the mother’s statement, which was that she and her husband had a large family — eight children — that Bertha had been at work and received small wages; that she was not industrious and had become disobedient and incorrigible and wayward; that she had left home two nights and days, and had fallen, the mother feared, under bad influences; that she and her husband could do nothing with her.
That for these and other reasons of similar character he sent her to the Colored Industrial Home for reformation and proper training.
That he was satisfied that it was for the best interest of the girl.
The ground lurged by the judge — not to issue the rule nisi — is not conclusive as to the facts stated, but it will be taken as true unless denied or put at issue by effect of the averments of the petition of relator.
The relator did not challenge the correctness of the facts constituting the cause which prompted the judge in sending the daughter to the Industrial Home. The petition should have anticipated the facts sufficiently to — in some respect — place the respondent on his defense.
The statement of the trial judge shows that the court of the’first instance had jurisdiction.
In a general way, the determination upon the facts by the lower court has the effect of the verdict of the jury. 9 Eney. of Pleading and Practice, p. 1087.
We will here state: Relator does not sue to obtain the custody of his daughter. He alleges that she ought to be released in order that she might enjoy her liberty.
According to the best doctrine, the writ of habeas corpus will not issue as a matter of course. Its -issuance in a case of this character is a matter of sound legal discretion in, the appellate court. Marr’s, p. 881, § 216.
The juvenile court had the power to make the disposition it did of the case.
It appeared to it as most conducive to the . welfare of the daughter.
The juvenile courts have jurisdiction of the trial of “neglected” and “delinquent”children. Section 9 of the act (3 Rev. Laws, 1904, p. 393).
Further, “whenever the child shall be. found to be neglected within the meaning of the act.”
If there was error on the part of the court of the first instance (we have not found that there was error), it was error on the safe-side. It was error which seeks to protect and improve the condition of things.
On the other hand, if there is error on the part of the father of the girl, it is error which leads to ruin and distress.
The court concluded that there was negligence and indifference on the part of the father, particularly if he did not know that she spent days away from home exposed to bad influences.
The court acted mainly at the instance of the mother. She is the nearest person to the child. The court believed her. The court questioned the daughter, and arrived at the conclusion that there was ground for rendering a judgment.
The law does not provide that the father’s. authority over his child will have the effect of annulling a judgment rendered in a case of which the court has jurisdiction.
For the protection of the child the court has acted. We will not set -aside the action of the court in a proceeding for a writ of habeas corpus.
The relator does not allege that the child is badly treated, or that she would be better • protected by him.
As before stated, he only urges that she. is entitled to her liberty.
*1053 Of this there can be no doubt, but we do not understand that she will be deprived of the liberty to which she is entitled by the fact that she will be held under restraint sufficiently necessary to teach her the way to a better condition.
Were we to direct that a rule nisi issue, we would arrive finally at a similar result.
It is sufficient that probable cause for issuing the writ has not been shown. 2 Eney. of Pleading and Practice, p. 1083.
For reasons stated, the application of relator is refused, and his petition is dismissed.